**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TELMA IRIS SANTOS-FERNANDEZ; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-240 <br><br> Agency Nos. <br> A209-420-289 <br> A209-420-288 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2023**

Before:     BENNETT, MILLER, and VANDYKE, Circuit Judges.

Telma Iris Santos-Fernandez and her minor son, natives and citizens of El

Salvador, petition pro se for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

denying their application for asylum, and denying Santos-Fernandez's

applications for withholding of removal and protection under the Convention

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We deny the petition for review.

Because petitioners do not raise any challenge to the agency's dispositive determination that they failed to establish that the government of El Salvador was unable or unwilling to control the agents of the harm they experienced or fear, we do not reach the issue.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).  Thus petitioners' asylum claim fails.

We do not address petitioners' contentions as to their particular social group because the BIA did not deny relief on that ground.  *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Because Santos-Fernandez failed to establish eligibility for asylum, she failed to satisfy the standard for withholding of removal.  *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021).

Substantial evidence supports the agency's denial of CAT protection because Santos-Fernandez failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to El Salvador.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**